Withdrawing this surety from the appeal bond would discharge the bond; therefore, in case of withdrawing at all, another new bond must be given, to be signed by two new sureties. This the plaintiff could not do. So the witness was rejected.
Other evidence was then laid before the jury, and the gift to the plaintiff by Pritchard was proved thus: Pritchard came to the house of Lavender, having some ears of corn in a wallet, and after getting into the house said to the plaintiff, a child: "I give you all my corn and all myhogs, my horse [naming him] and my boy" [naming him]. He then took out of the wallet an ear or two of corn, and said: "Here, take of the corn I havegiven you" — and gave the child an ear or two.
The jury found a verdict for the plaintiff, with damages for all the property claimed by the plaintiff. A new trial was moved for, on the ground that a gift inter vivos could not be perfected but by a delivery of the very thing itself given, not by a symbol or representative of the thing given. Secondly, if a symbol would do, the thing used as a symbol should be delivered expressly in the name of the thing given; and here it was not said for what purpose the corn was given, nor whether it was intended as a representative of the whole or any part of the property. Defendant's counsel cited 2 Vezey, 442; 2 Bl. Co., 442; and they challenged the other side to produce a single case at the common law where it is said that a delivery of something, in lieu of the thing given, was a sufficient delivery to complete the gift. *Page 290